GEORGE W. CONNELLY, Appellant, v. M. L. CONE, et al., Respondents.

Springfield Court of Appeals, August 10, 1920.

1. **PHYSICIANS AND SURGEONS: Plaintiff in Malpractice Suit Need Not Negative Contributory Negligence.** An instruction in a malpractice suit against physicians, which placed on plaintiff burden of proving that he was not guilty of contributory negligence, was erroneous.

2. **APPEAL AND ERROR: Erroneous Instruction Held Harmless, Where Plaintiff Not Entitled to Recover.** In a malpractice suit against physician, an instruction, erroneous by reason of placing burden on plaintiff of showing that he was not guilty of contributory negligence, was harmless, where plaintiff failed to make any case of negligence defendant, whose demurrer to the evidence at the close of the case should have been sustained.

3. **PHYSICIANS AND SURGEONS: Evidence of Negligence of Physicians Insufficient to Go to the Jury.** Where the only question on which it could be contended that there was negligence shown in setting a broken leg was that the result and the treatment showed an unskillful and negligent treatment, one fact oemg that thirty days after treatment began, and after a serious infection had set up and pus was being emitted, a piece of leaf came out, also slivers of bone from time to time, there being no testimony that the treatment received was different from that which an ordinary physician would have used in the case, a demurrer to the evidence should have been sustained.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Phillips & Phillips* and *J. R. Brewer* for appellant.

(1) Contributory negligence is an affirmative defense and the burden of proof is on the defendant. Edington v. Ry. Co., 204 Mo. 69; Von Trebra v. Light Co., 209 Mo. 662; Cool v. Patterson, 189 Mo. App. 717, 727; Petty v. Ry. Co., 88 Mo. 306; Hudson v. Ry. Co., 101 Mo. 13; Young v. Iron Co., 103 Mo. 324. (2) Instruction No. 4 given for the defendants contradicts Instruction No. 8 given for the plaintiff as to the burden of proof of contributory negligence and is therefore error and reversible error. Shepard v. Transit Co., 189 Mo. 373; Mansur-Tebbets Imp. Co. v. Ritchie, 143 Mo. 612; Russell v. Peer, 133 Mo. App. 729.; Ross v. Met. Street Ry. Co., 132 Mo. App. 481.

*R. J. Smith* and *C. G. Shepard* for respondents.

Plaintiff's case is based on the theory that defendants as practicing physicians, and surgeons negligently conducted themselves in treating and reducing the fracture suffered by him. Plaintiff's cause of action being based on negligence on the part of the defendants it was incumbent upon him to show that defendants in fact conducted themselves in a negligent manner in treating his injury, and plaintiff failing to show negligence on the part of defendants failed to make out his cause of action, and defendants' peremptory instruction should have been given. Marshall Livery Company v. McKelvy, 55 Mo. App. 240.

FARRINGTON, J.—This is a suit brought by the plaintiff against three physicians, alleging that he was injured by being thrown out of a buggy causing his leg to be fractured, and charging that defendants negligently and unskillfully conducted themselves in and about

setting and treating the fracture and in attempting to set and reduce the broken and fractured bones to their proper positions and place and to attend, to cure and heal the same, and that by reason of their negligence and unskillfulness plaintiff's leg has never been healed and that he has entirely lost the use of same, and that through said negligence and unskillfulness of said defendants his right leg is deformed. His petition sought damages for the sum of $7,499.

The answer consists of a general denial and a charge which in effect amounts to· contributory negligence, in that the plaintiff refused to permit them to treat the leg as they advised, and failed in· many ways to observe the instructions given him concerning the treatment they prescribed.

The injury sustained by plaintiff was occasioned by a team of horses running away with a buggy in which he was riding. He was about 55 years of age. The facts show that he was thrown out of the buggy and fell so that the bones of his leg which was broken protruded through the flesh, underwear, overwear and through a rubber boot and stuck in the ground; that before any medical aid could be received he was driven some ten or twelve miles, and that it was at least two hours before treatment could be given.

It is shown that shortly after he was thrown out of the buggy, and while on the ground, the man assisting him into the buggy and plaintiff straightened out the leg which had been broken as heretofore set out, pulling the bone back into the flesh. There was necessarily a certain amount of dirt, trash and leaves which stuck to the bones and which was pulled back into the flesh by them right after the accident, and a couple of hours before the medical aid of defendants was received. The evidence further shows that the injury was a compound fracture and that there were several pieces of loose bone which remained in the plaintiff's leg.

The cause was tried to a jury and a verdict was returned for the defendants.

The only error alleged by the plaintiff, who is the appellant, goes to the giving of an instruction asked by the defendants, which instruction did place the burden on plaintiff of showing that he had not been guilty of contributing to the jury after the doctors had set his leg and were treating it. The instruction, in fact, placed on the plaintiff the burden of proving that he was not guilty of contributory negligence. This was error, and the respondents so admitted, but respondents, in order to sustain this judgment, contend that the plaintiff failed to make any case of negligence against them; that their demurrer to the evidence at the close of the case should have been sustained by the court, and for that reason the judgment should be affirmed. The error in the instruction complained of by the appellant amounting to no more than harmless error, and in this contention we are convinced, after a careful reading of the record, that the respondents should be sustained.

Not a single witness for the plaintiff, expert or otherwise, testified that the treatment of the injury by the defendants was done in a negligent or unskilled manner. The only question upon which it could be contended that there was any negligence shown was that the result of the injury and the treatment in and of itself showed an unskillful and negligent treatment, and the principal fact relied on in this respect is that some thirty days after the doctors had begun to treat the case, and after a serious infection had set up and pus was being emitted from the wound, a piece of leaf the size of a thumb nail came out. It is further shown that small slivers of bone came out of the wound from time to time.

The testimony of the witnesses for both sides goes to show that an injury of this kind, where the bones break through the flesh and come in contact with leaves, dirt and foreign substance, will in all probability cause an infection to set up, and that the proper treatment is to first treat the infection until it has been reduced and then treat the fracture. At no place in the record do we find any witness who testifies stating that the treatment this plaintiff received was different from that

which the ordinary physicians would have used in the case. On the other hand, it shows that in cases of this class infection is almost sure to set up, that they are very difficult fractures to properly cure and set, and that very often after the infection subsides the bone must be reset and treated.

The evidence shows in this case that something like sixty to sixty-five days after this injury defendants told the plaintiff his leg should be rebroken and set properly and that he told them he was not strong enough to stand this.

This injury was very serious, and an unfortunate occurrence for this plaintiff, as he must go through the balance of his life with practically a useless limb; but there is a failure of proof in this record to show that his misfortune was added to by any negligence or unskillfulness of his physicians. To hold otherwise would base a finding on conjecture pure and simple. The trial court should have granted the demurrer to the evidence at the close of the case. For this reason the judgment will be affirmed.

*Sturgis, P. J.,* concurs; *Bradley, J.,* not sitting.